## LEONARD L. T. APPLEBY, PLAINTIFF IN ERROR, v. STATE OF NEW JERSEY.

By statute, the clerks of the Courts of Common Pleas are the custodians of the registries of mortgages. The statute provides that the registry of a mortgage shall be notice of the mortgage. It also makes it the duty of the clerk to enter in the margin of the registry of a mortgage, a minute of the redemption, payment and discharge thereof on the production to him of the mortgage canceled or with a receipt thereon signed by the mortgagee or his assignee, and provides that such entry shall be a full and absolute bar to and discharge of the said entry and mortgage. The books containing the registration of mortgages are made public records, to which the statute declares that "every person shall have access at proper seasons and may search the same, paying the fees allowed by law." The clerk wrongfully entered upon the registry of a mortgage a minute of payment and redemption. In an action against the surety on his official bond—*Held*—

1. That the entry of satisfaction of a mortgage upon the registry was part of the official duties of the clerk, and that the sureties on his official bond were liable for his misfeasance as well as nonfeasance in the performance of that duty.

2. That the sureties of the clerk were liable on his official bond for the damages sustained by a purchaser of the mortgaged premises, who searched the registry of the mortgage for himself, and finding the minute of the redemption on the registry, and believing that the mortgage had been paid and satisfied, subsequently purchased the mortgaged premises at a sheriff's sale, although such purchaser did not employ the clerk to make the search.

3. That the purchaser, having bought the premises at the sheriff's sale, and paid for them their full value, the measure of his damages was the amount he was afterwards compelled to pay to relieve the property from the mortgage.

4. A duty the breach of which is an actionable wrong, may arise from a contract or be imposed by positive law. In the first case the party to the contract only can sue; in the other case any person injured may sue, if he be one of the class of persons for whose benefit the duty is imposed.

5. *Kahl* v. *Love*, 8 *Vroom* 5, and *Savings Bank* v. *Ward*, 100 *U. S.* 195 distinguished.

On writ of error to Hudson Circuit.

This suit was brought against Appleby, one of the sureties on the official bond of J. Elmer Stout, former clerk of the Court of Common Pleas of the county of Middlesex. The bond in form and condition is in compliance with the statute. *Rev.*, p. 145, § 2.

The clerk of the Court of Common Pleas of the county of Middlesex, in common with the clerks of the same court in most of the counties of this state, is the custodian of the registry of mortgages, and among his official duties are the registration and cancellation of records of mortgages. By section 23 of the act concerning mortgages, it is made the duty of the clerk to enter, in the margin of the registry of a mortgage, a minute of the redemption, payment and discharge thereof, on the production to him of the mortgage canceled or with a receipt thereon signed by the mortgagee, his executors, administrators or assigns, which entry, the statute declares, "shall be a full and absolute bar to and discharge of the said entry, registry and mortgage." *Rev.*, p. 707.

Among the mortgages recorded in the clerk's office of the county of Middlesex was one made by John Manning to Mary V. Laughton, on lands in the county of Middlesex, for the sum of $1000, dated August 19th, 1858. Stout, being clerk, on the 7th of May, 1868, entered of record a cancellation of this mortgage. The court—a jury having been waived—found, as a question of fact, that Stout, as clerk, negligently and carelessly entered in the margin left for that purpose opposite to the abstract of the said mortgage, a minute of the redemption, payment and discharge thereof, although in fact the said mortgage was not produced to him canceled or with a receipt thereon signed by the mortgagee, her executors, administrators or assigns.

After the entry of the cancellation of record, the sheriff of Middlesex, on the 2d of September, 1875, sold the mortgaged premises by virtue of a writ of *fieri facias* issued out of the Court of Chancery, upon a decree in a suit wherein one Buchanan was complainant and John Manning and others were defendants. Cook and Bernheimer, for whose benefit this

suit is brought, on the day before the sheriff's sale, examined the registry of the Laughton mortgage, found the minute of said redemption, payment and discharge, and, at the sheriff's sale, relying upon the said minute of payment and discharge, and believing that the said mortgage was in fact paid and satisfied, became the purchasers of the lands mortgaged, at their full value, and accepted a deed therefor from the sheriff, and paid him the purchase money thereof. Afterwards, while Cook and Bernheimer were still owners of the lands, the assignee of the Laughton mortgage filed a bill against Cook and Bernheimer, and obtained a decree declaring the cancellation and discharge of the mortgage to be void, and that the mortgage was an encumbrance upon the record, notwithstanding the cancellation, and directing a sale of the mortgaged premises for the payment of the mortgage debt, interest and costs. *Hans* v. *Cook*, 1 *Stew. Eq.* 345. Thereupon Cook and Bernheimer paid the mortgage debt, interest and costs, amounting to $1531.59, and instituted the prosecution of this bond.

The court also found, as a question of fact, that Cook and Bernheimer exercised reasonable and proper diligence in the examination and inquiry touching mortgages affecting the premises prior to and at the time of the purchase, and that they did not have any knowledge of the Laughton mortgage then being a lien on the said lands.

Upon the finding of the facts above stated, the court gave a judgment in favor of the prosecutors, and assessed their damages at the sum of $1864.09, being the amount paid by them in satisfaction of the mortgage debt, with interest. Appleby sued out this writ of error.

For the plaintiff in error, *C. T. Cowenhoven* and *M. Beasley, Jr.*

For the defendant in error, *A. T. McGill.*

The opinion of the court was delivered by

DEPUE, J. The bill of exceptions and assignment of **errors,**

taken in connection with the pleadings and facts agreed upon, present two questions only.

*First.* Whether the sureties on the clerk's official bond are liable to the prosecutors for any injury they may have sustained from his wrongful entry of the cancellation of the mortgage. The condition of the bond is an undertaking that the clerk "shall, in all things touching and concerning his said office, well and truly, faithfully and impartially, execute and perform the same, as well with respect to all persons concerned as to the State of New Jersey." By the law of this state, the clerk is the keeper of the registry of mortgages. The seventeenth section of the act concerning mortgages provides that the clerk of the Court of Common Pleas shall provide fit books for the registering of all mortgages of lands in his county, to which books the statute declares that "every person shall have access at proper seasons, and may search the same, paying the fees allowed by law." *Rev.*, p. 705 ; *Lum v. McCarty*, 10 *Vroom* 287, 289. In these books, on a margin to be left for that purpose, the clerk is required, on the production to him of a proper voucher of redemption, payment or satisfaction of any registered mortgage, to enter a minute of the redemption, payment or satisfaction thereof, which minute is made an absolute bar to and discharge of the mortgage. *Rev.*, p.    , § 23. The entry of satisfaction of a mortgage, as well as the registration of it, is part of the official duties of the clerk, and the sureties on the bond of a clerk, conditioned as this bond is, for the faithful performance of the duties of his office, are liable for misfeasance as well as nonfeasance in his official duties. *Brandt on Suretyship*, § 453.

The plaintiff in error contends that the liability of the clerk for a wrongful entry of this kind will arise only in favor of persons who have some sort of a contract with the clerk to search or to make a certificate of title. The theory on which this proposition rests is that the duty of the clerk in the premises arises only from contract. If this theory be sound, a person injured as the prosecutors were would be wholly remediless if the clerk by whom the wrongful entry was made was

Appleby v. State.

out of office at the time the search or certificate of title was required. *Kahl* v. *Love*, 8 *Vroom* 5; *Savings Bank* v. *Ward*, 100 *U. S.* 195; *Commonwealth* v. *Kellogg*, 6 *Phil. Rep.* 90, and *Houseman* v. *Girard Association*, 81 *Penna.* 256, were cited to support this view of the case. In Kahl *v.* Love the action failed because the officer was neither authorized nor required to perform the duty on which the action was grounded. In Savings Bank *v.* Ward the duty arose solely from a contract, and the person suing was no party to the contract. A duty the breach of which is an actionable wrong, may arise from a contract, or be imposed by positive law, independent of contract. In the first case the party to the contract only can sue. *Alton* v. *Mid. R. Co.*, 19 *C. B.* (*N. S.*) 213; in the other case any person injured may sue if he be one of the class of persons for whose benefit the duty is imposed. *Cattell* v. *L. & N. W. R. Co.*, 16 *Q. B.* 984. In *Com.* v. *Kellogg*, at Nisi Prius, it was held that the liability of a clerk on a certificate of title was only to the party ordering and paying for the search, and not to his assigns or alienee. But in Houseman *v.* Girard Ass'n, in the Supreme Court of Pennsylvania, the clerk was held liable in damages for omitting from his certificate of search an unsatisfied mortgage appearing on the records, where the certificate was obtained at the request of the plaintiff, who proposed to make a loan on the premises, but was ordered of the clerk and paid for by the owner, who effected the loan.

It is possible that where the gravamen of the complaint is that a certificate of search obtained from the clerk is in itself incorrect, the liability of the clerk for omissions or untrue statements in the certificate may arise from his employment to make the search, and will extend only in favor of the person with whom he was in privity by his contract. But in the case before us the duty in question is entirely independent of a contract. It results from the official position of the clerk, and the character of the public duties he is required to perform.

Under the law of this state the duties of the clerk with respect to the registration and cancellation of mortgages are

imposed by statute.   These duties relate to entries in public records.   These records are kept for the information of the public.   Every person has a right of access to these records for the information they contain.   The statute declares that the registry of a mortgage shall be notice of the mortgage.   It also declares that the minute of the redemption, payment and discharge of a mortgage, made by the clerk, shall be a full and absolute bar to and discharge of the registry and the mortgage.   It protects a mortgagee from the unauthorized destruction of his security by making it a condition precedent to the right of the clerk to enter satisfaction, that the mortgage canceled, or with a receipt thereon, signed by the mortgagee or his executors, administrators or assigns, shall be produced to the clerk as his warrant for entering the satisfaction of record.   For the protection, also, of persons having occasion to examine the records to ascertain the condition of the title, it is made the duty of the clerk to enter satisfaction only on that evidence which is the most satisfactory proof that the mortgage in fact, is satisfied.   Persons examining the records, and finding a cancellation of a mortgage entered of record by the clerk, have a right to assume that the cancellation was lawfully made, and may rely upon and act upon the information obtained from the inspection of the record.   The duty of the clerk with respect to such entries in the records of his office being a public duty, if there has been a breach of it, he will be liable to any one who may have suffered damages from his neglect or default—the action being founded, not on contract, but on the breach of duty.   *Add. on Torts* 14, 15; *Whart. on Neg.*, §§ 285, 443.   And this liability will extend also to the sureties on his official bond, whose undertaking is for his faithful performance of the duties of his office.

*Second.* It is insisted that there was error in the amount of damages awarded.   The damages consisted of the sum paid by the prosecutors to satisfy the decree of foreclosure of the mortgage and interest.   It is admitted by the statement of facts in the bill of exceptions that the prosecutors purchased the mortgaged premises at the sheriff's sale, at their full

value. The amount they subsequently paid to relieve the property from the mortgage, represents the actual loss they sustained in buying and paying for property which in fact was subject to the mortgage, but which they were induced to buy at the price bid, by the belief that the mortgage was satisfied. These damages were a natural and proximate consequence of the wrongful act complained of, and were such as might reasonably be supposed to be a probable consequence thereof. *Cuff* v. *N. & N. Y. R. R. Co.*, 6 *Vroom* 18; *Crater* v. *Binninger*, 4 *Id.* 513; *Wolcott* v. *Mount*, 7 *Id.* 262; *D., L. & W. Co.* v. *Salmon*, 10 *Id.* 300, 308. Substantial damages equivalent to the actual loss were awarded on an analogous principle in *Houseman* v. *Girard Ass'n*, *supra*.

There being no error apparent on the record, the judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, MAGIE, PARKER, REED, VAN SYCKEL, CLEMENT, COLE, GREEN, KIRK, PATERSON, WHITAKER. 14.

*For reversal*—None.